**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VALIANT WHITE,

        Plaintiff,

v.                                       Case No. 07-cv-13818

WAYNE COUNTY COURT CLERKS,

        Defendants.
                                        /

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR RECUSAL
AND REASSIGNMENT OF CIVIL CASE" AND DISMISSING COMPLAINT**

Plaintiff Valiant White, a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* civil rights complaint. Plaintiff is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). Plaintiff also has filed a "Motion for Recusal and Reassignment of Civil Case." For the reasons stated below, the court will deny Plaintiff's motion for recusal and dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff seeks monetary relief

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> . . .
>
> (B) the action or appeal –
>
> . . .
>
> (ii) fails to state a claim upon which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

from Defendants who are immune from such relief and Plaintiff fails to state a claim upon which relief may be granted.

## I. DISCUSSION

### A. Motion for Recusal

Plaintiff has filed a Motion for Recusal in which he argues that the undersigned should recuse himself from this matter pursuant to 28 U.S.C. § 455 because the undersigned has "contributed to Plaintiff's denial of access to the courts." (Pl.'s Mot. at 2.)

Section 455 of Title 28 provides, in relevant part:

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455. Disqualification under 28 U.S.C. § 455(a) must be predicated "upon extrajudicial conduct rather than on judicial conduct . . . and upon a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999) (internal quotations omitted). The party requesting recusal "has the burden of convincing the court that a reasonable person would find that the bias exists." *Id.*

Plaintiff supports his request for recusal by referencing a habeas petition filed by him and assigned to the undersigned, which was ultimately denied. Plaintiff argues that the Court's denial of that petition evidences bias and a refusal to fairly adjudicate his claims. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves . . . they cannot possibly show reliance

2

upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Thus, a judge's orders, formed on the basis of current judicial proceedings, "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Plaintiff has failed to support his allegation of bias with evidence which demonstrates such a deep-seated antagonism. Therefore, he has failed to meet his burden of showing that a reasonable person would find that bias exists. The court thus denies Plaintiff's motion for recusal.

### B. Complaint

The court now turns to the merits of the complaint. Plaintiff's complaint arises from his claimed repeated attempts to file pleadings in the Wayne County Circuit Court. Plaintiff alleges that Defendants Wayne County Circuit Court clerks repeatedly refuse to file his pleadings or assign a judge to his cases. He also alleges that, where Defendants actually file his pleadings, they fail to do so promptly. Plaintiff argues that defendants' actions violate his right of access to the courts.

Plaintiff seeks relief under 42 U.S.C. §§ 1981 & 1983, 18 U.S.C. §§ 241 & 242l and *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1981). He seeks punitive and compensatory damages in the amount of ten million dollars.

It is well-established that court clerks and other court employees have absolute immunity against liability for actions arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). "Quasi-judicial

3

immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial offer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). In *Ortman v. Michigan*, 16 F.3d 1220, 1994 WL 12230, at *1 (6th Cir. Jan. 18, 1994), the Sixth Circuit Court of Appeals held that a court clerk was entitled to absolute quasi-judicial immunity from liability for the alleged improper handling of the plaintiff's attempts to appeal. The allegations against Defendants in this case involve the performance of judicial functions. Thus, their actions fall within the doctrine of quasi-judicial immunity and they are immune from suit for monetary damages.

In the alternative, even if defendants were not immune from suit for monetary damages, Plaintiff's claims under 18 U.S.C. §§ 241 & 242, 42 U.S.C. § 1981 and *Bivens* cannot be sustained. Violations of 18 U.S.C. §§ 241 & 242 do not give rise to a private cause of action. *See Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (violation of criminal conspiracy under 18 U.S.C. § 241 does not provide for a private cause of action). In order to state a claim under 42 U.S.C. § 1981, a plaintiff must allege that he was treated differently because of his race. *Long v. Ford Motor Co.*, 496 F.2d 500 (6th Cir. 1974). Plaintiff does not make such an allegation. Finally, in *Bivens*, the Supreme Court held that suits for damages could be maintained against federal officials for violations of the Constitution. *Bivens*, 403 U.S. at 395. Defendants in this matter are not federal officials. Accordingly, Plaintiff's complaint is without merit and dismissal is warranted.

Furthermore, for the reasons stated above, the court finds that an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge*

*v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis.* 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis. See* Fed. R. Civ. P. 24(a)(5).

## II. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion For Recusal and Reassignment of Civil Case" [Dkt. # 4] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED pursuant to 42 U.S.C. § 1915(e)(2), because Plaintiff seeks monetary relief from Defendants who are immune from such relief and fails to state a claim upon which relief may be granted.

                                                               s/Robert H. Cleland
                                                               ROBERT H. CLELAND
                                                               UNITED STATES DISTRICT JUDGE

Dated: October 23, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 23, 2007, by electronic and/or ordinary mail.

                                                               s/Lisa G. Wagner
                                                               Case Manager and Deputy Clerk
                                                               (313) 234-5522