**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VALIANT WHITE,

        Petitioner,

v.                                                                        Case Number: 07-CV-13818

WAYNE COUNTY COURT CLERKS,

        Respondents.
                                                     /

**OPINION AND ORDER DENYING PLAINTIFF'S
"MOTION TO ALTER OR AMEND JUDGMENT"**

Plaintiff Valiant White, a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, filed a *pro se* civil rights complaint. Plaintiff was granted permission to file the complaint without prepayment of the filing fee. The court dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff failed to state a claim upon which relief may be granted. Now before the court is Plaintiff's "Motion to Alter or Amend Judgment."

The disposition of a motion to alter or amend a judgment, filed pursuant to Federal Rule of Civil Procedure 59(e), is "entrusted to the court's sound discretion." *Keweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropo. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Indus., Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (citing *Keweenaw Bay*, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.* (quoting *Keweenaw Bay*, 904 F. Supp. at 1141).

In his complaint, Plaintiff claimed that his repeated attempts to file pleadings in the Wayne County Circuit Court were thwarted by Defendant clerks' refusal to file his pleadings or assign a judge to his cases. He also alleged that, where Defendants actually filed his pleadings, they failed to do so promptly. Plaintiff argued that Defendants' actions violate his right of access to the courts.

The court held that the defendants were entitled to immunity for actions arising out of the performance of their judicial or quasi-judicial functions. *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988); *Ortman v. Michigan*, 16 F.3d 1220, 1994 WL 12230 (6th Cir. Jan. 18, 1994) (holding that a court clerk was entitled to absolute quasi-judicial immunity from liability for allegedly improperly handling the plaintiff's attempts to appeal). In the alternative, the Court also held that even if Defendants were not immune from suit for monetary damages, Plaintiff's claims under 18 U.S.C. § § 241 & 242, 42 U.S.C. § 1981 and *Bivens*[1] could not be sustained. A violation of 18 U.S.C. § § 241 & 242 does not give rise to a private cause of action. *See Newcomb v. Ingle*, 827

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

F.2d 675, 676 n.1 (10th Cir. 1987) (violation of criminal conspiracy under 18 U.S.C. § 241 does not provide for a private cause of action). In order to state a claim under 42 U.S.C. § 1981, a plaintiff must allege that he was treated differently because of his race. *Long v. Ford Motor Co.*, 496 F.2d 500, 503-04 (6th Cir.1974). Plaintiff failed to make any such allegation. Finally, in *Bivens*, the Supreme Court held that suits for damages could be maintained against federal officials for violations of the Constitution. *Bivens*, 403 U.S. at 395. The Defendants in this matter are not federal officials.

Plaintiff also takes issue with the court's decision denying his motion for recusal. Plaintiff argued for recusal based upon this court's decision denying Plaintiff's habeas corpus petition. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The court, therefore, denied the motion.

None of the arguments advanced by Plaintiff in support of his "Motion to Alter or Amend Judgment" satisfy the standards under which Rule 59(e) motions may be granted. Plaintiff does not argue that an intervening change in the law requires that the court amend its judgment, nor does he establish that the court committed a clear error of law which must be remedied. Plaintiff's arguments also do not satisfy the only remaining prong under which Rule 59(e) relief may be granted – that evidence not previously available suddenly has become available. Thus, Plaintiff has failed to show entitlement to relief under Rule 59(e). Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Alter or Amend Judgment" [Dkt. # 7] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: November 27, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 27, 2007, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522